IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHLEEN M. GRAHAM,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, OFFICE OF THE GOVERNOR,<br><br>Defendant. | 4:18CV3086<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56, Filing No. 16. Defendant seeks dismissal of plaintiff's federal claim filed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. Plaintiff filed a complaint and an amended complaint in District Court of Lancaster County, Nebraska, containing both the ADEA claim and state law age discrimination claims. Filing No. 1. Thereafter, defendant removed this case to federal court, pursuant to the ADEA claim. During a status conference call with the magistrate judge, defendant determined that it was entitled to a sovereign immunity defense on the ADEA claim. Defendant then amended its answer to allege sovereign immunity and filed this motion for partial summary judgment.

The case involves allegations that Governor Pete Ricketts fired his administrative assistant, the plaintiff, who was 65 at the time, telling her the discharge was due to a budget cut. Plaintiff contends that thereafter the Governor hired a much younger administrative assistant in her 20's and gave her a pay increase of $7,000-8,000. This

person allegedly did the same duties as the plaintiff, sat at plaintiff's former desk, and parked in her parking spot.

**STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

2

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

**DISCUSSION**

This Court has found:

> The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity is provided to "states, and state agencies .... not only from suits brought by citizens of other states, but also from suits brought by their own citizens." *Doe v. State of Nebraska,* 345 F.3d 593, 597 (8th Cir.2003) (citing *Hadley v. N. Ark. Cmty. Technical Coll.,* 76 F.3d 1437, 1438 (8th Cir.1996)). It reaches not only state claims brought in federal court against a state, *see Randolph v. Rodgers,* 170 F.3d 850, 859 (8th Cir.1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)), but also federal claims brought in federal court against a state, *see Doe*, 345 F.3d at 597–98.
>
> Eleventh Amendment immunity provides states with a strong defense against suit in federal court but this immunity "is not absolute." *Doe,* 345 F.3d at 597. A state may be subject to suit where: (1) the state has unequivocally waived its sovereign immunity and consented to suit in federal court; or (2) Congress has unequivocally, through legislation, abrogated state immunity in order to effectuate the provisions of the Fourteenth Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985); *Pennhurst,* 465 U.S. at 97–100; *Burk v. Beene,* 948 F.2d 489, 492–94 (8th Cir.1991).
>
> ….
> The Supreme Court has clearly declined to extend the abrogation principles of Title VII to the ADEA. *See Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 91 (2000) ("[W]e hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's

3

> purported abrogation of the States' sovereign immunity is accordingly invalid.... State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union.").

*Glass v. Doe,* 2007 WL 2410542 *2 (D. Neb. 2007); *see also Fiedler v. Nebraska Dep't of Roads,* No. 4:08CV3144, 2008 WL 4455605 *2 (D. Neb. Sept. 30, 2008).

The Court notes that the United States Supreme Court has determined that in a suit brought under state law and pursuant to 42 U.S.C. § 1983, where the state removed from state court, such removal constitutes a waiver of Eleventh Amendment immunity. *Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613, 614 (2002). The Court in *Lapides* stated:

> This Court has consistently found waiver when a state attorney general, authorized to bring a case in federal court, has voluntarily invoked that court's jurisdiction. More importantly, in large part the rule governing voluntary invocations of federal jurisdiction has rested upon the inconsistency and unfairness that a contrary rule would create. A rule that finds waiver through a state attorney general's invocation of federal-court jurisdiction avoids inconsistency and unfairness, but a rule that, as in *Ford*, denies waiver despite the attorney general's state-authorized litigating decision does the opposite.

*Id.*

The Eighth Circuit has also said:

> In *Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), the Supreme Court concluded that a state defendant had voluntarily invoked federal jurisdiction by participating in a removal action and therefore waived its Eleventh Amendment protection. The Court explained that the defense of sovereign immunity must be waivable in litigation because of the "judicial need to avoid inconsistency, anomaly, and unfairness" that would arise if states could selectively invoke immunity to obtain litigation advantages. *Id.* When determining whether a state has clearly indicated its intent to waive immunity, a court should focus on the "litigation act the State takes that creates the waiver," not its motives for those acts. *Id.*

In addition to joining in the removal of a case to federal court, a state can also waive its immunity by filing a federal complaint, *Skelton,* 390 F.3d at 618, or a proof of claim in a bankruptcy action. *Ga. Dep't of Rev. v. Burke,* 146 F.3d 1313, 1319–20 (11th Cir.1998). In contrast, a state does not waive its immunity by entering a general appearance or by defending a case in federal court so long as it asserts its Eleventh Amendment sovereign immunity defense in a timely manner. *Union Elec. Co. v. Mo. Dep't of Conservation,* 366 F.3d 655, 659–60 (8th Cir.2004).

*United States v. Metropolitan St. Louis Sewer Dist.,* 578 F.3d 722, 725 (8th Cir. 2009).

In *Beaulieu*, the Second Circuit stated:

There has, however, been some confusion in the Circuit Courts as to the meaning of *Lapides*, and its impact on cases in which a state that has not previously waived its general immunity to a private action voluntarily removes the action to federal court, presumptively waiving its Eleventh Amendment immunity. Our court has not directly ruled on the question. Six Circuits that have expressly considered the question have concluded that a state defendant's voluntary removal of a private suit to federal court does not by itself waive the state's general immunity from such a suit. *See Stroud v. McIntosh,* 722 F.3d 1294, 1302 (11th Cir.2013) ("We do not understand Lapides to require the state to forfeit an affirmative defense to liability simply because it changes forums."); *Bergemann,* 665 F.3d at 342 ("Rhode Island's sovereign immunity defense is equally as robust in both the state and federal court. Consequently, there is nothing unfair about allowing the state to raise its immunity defense in the federal court after having removed the action. Simply put, removal did not change the level of the playing field."); *Lombardo v. Pa. Dep't of Pub. Welfare,* 540 F.3d 190, 198 (3d Cir.2008) ("We hold that while voluntary removal waives a State's [Eleventh Amendment] immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability."); *488 *Meyers ex rel. Benzing v. Texas,* 410 F.3d 236, 255 (5th Cir.2005) ("[W]hen Texas removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its [Eleventh Amendment] immunity from suit in federal court. Whether Texas has retained a separate immunity from liability is an issue that must be decided according to that state's law." (citation omitted)); Stewart, 393 F.3d at 490 ("North Carolina had not consented to suit in its own courts for the relevant claims.... Therefore, by removing the case to federal court and then invoking sovereign immunity, North Carolina did not seek to regain immunity that it had abandoned previously. Instead, North Carolina merely sought to have the sovereign immunity issue resolved by a

federal court rather than a state court." (citations omitted)); *Watters v. Washington Metro. Transit Auth.,* 295 F.3d 36, 39, 42 n. 13 (D.C.Cir.2002) (holding that an entity created by inter-state compact, which enjoyed immunity from suit to enforce attorney's liens in the compactors' own courts, did not waive that immunity by removal to federal court).

*Beaulieu v. Vermont,* 807 F.3d 478, 487–88 (2d Cir. 2015).[1]

---

[1] *See Grothhoff v. Nixon,* the Court stated:

> "Plaintiff misreads *Lapides.* First, the Court specifically stated that it was limiting its holding "to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Lapides,* 535 U.S. at 617. That clearly means the holding is limited to cases where sovereign immunity has been waived. The Court went on to say that it did not need to "address the scope of waiver by removal in a situation where the State's underlying sovereign immunity [emphasis added] from suit has not been waived or abrogated in state court." *Id.* at 618. Thus, the Court did not hold that removal of a federal claim from state court to federal court constituted a waiver of the underlying sovereign immunity. It was simply not an issue in the case." . . . "The cases holding that removal waives Eleventh Amendment immunity deal with the forum in which the case is to be heard, and the unfairness that would ensue if a case that could be heard in state court was subsequently dismissed in federal court because of the Eleventh Amendment. The cases do not address sovereign immunity or hold that a state defendant, by removing the case to federal court, loses a defense (other than the forum) that would be valid in the state court. For example, in *Lapides*, the Court concluded that removal waived an "otherwise valid objection to litigation of a matter (here of state law) in a federal forum" [emphasis added] for "Eleventh Amendment purposes." *Lapides,* 535 U.S. at 624.

*Grothhoff v. Nixon*, 2007 WL 2693835 *1-2 (W.D. Mo. September 10, 2007).

In *Belkin*, the Court stated:

> The Eighth Circuit has yet to resolve whether a defendant waives immunity on a federal claim by the simple act of removing to federal court, and other circuits are split on this issue. *See, e.g., Bd. or Regents of Univ. of Wis. Sys. V. Phx. Int'l Software, Inc.,* 653 F.3d 448, 461 (7th Cir.2011) (describing the application of Lapides to all instances of removal as "the proper result"); *Bergemann v. R .I. Dep't of Envtl. Mgmt.,* 665 F.3d 336, 342 (1st Cir.2011) ("[T]here is nothing unfair about allowing the state to raise its immunity defense in federal court after having removed the action. Simply put, removal did not change the level of the playing field.").
>
> On more than one occasion, however, this Court has held *Lapides* does not extend to situations where, as here, the defendant did not waive immunity at the state level. *See, e.g., Lacy v. Gray,* No. 4:13CV370 RWS, 2013 WL 3766567, at *3 (E.D.Mo. July 16, 2013); *Johnson v. Bd. of Police Comm'rs,* No.4:06CV 605 CDP, 2007 WL1629909, at * *3–4 (E.D. Mo. June 4, 2007). Aside from these well-reasoned decisions, the Court is persuaded by the cogent opinions of other circuits; if removal to federal court amounted to a waiver of immunity per se,

a state with a colorable immunity defense to a federal claim brought against it in its own courts would face a Morton's Fork: remove the federal claim to federal court and waive immunity or litigate the federal claim in state court regardless of its federal nature. Either way, the state would be compelled to relinquish a right: either its right to assert immunity from suit or its 'right to a federal forum[.]'

*Bergemann,* 665 F.3d at 342 (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005)). Therefore, the Court concludes MSHP has not waived Eleventh Amendment immunity through the simple act of removing to federal court, because under the facts of this case, the "narrow holding of *Lapides* " does not apply. *Watters v. Wash. Metro. Area Transit Auth.,* 295 F.3d 36, 42 n. 13 (D.C.Cir.2002). The Court will dismiss Counts VII and VIII without prejudice.

*Belkin v. Casino One Corp.*, 4:14CV00452 ERW, 2014 WL 1727896 *3-4 (E.D. Mo. May 1, 2014)

In *Nelson*, the Court indicates:

> The Court is not aware of any clear precedent from the Eighth Circuit Court of Appeals on this question. The ADC and Warden Banks identify one decision from a district court within the Eighth Circuit rejecting Ms. Nelson's proposed expansion of the Court's holding in *Lapides. Grothoff v. Nixon,* No. 04-4290-CV-C-WAK, 2007 WL 2693835, at *2 (W.D. Mo. Sept. 10, 2007). Furthermore, at least seven circuits have found that removal does not constitute waiver of sovereign immunity where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court. See *Bergemann v. Rhode Island Dep't of Envtl. Mgmt.,* 665 F.3d 336, 342 (1st Cir. 2011); *Beaulieu v. Vermont,* No. 13-4198-CV, 2015 WL 5438725, at *10 (2d Cir. Sept. 16, 2015); *Lombardo v. Pa. Dep't of Pub. Welfare,* 540 F.3d 190, 198 (3d Cir. 2008); *Stewart v. N. Carolina,* 393 F.3d 484, 490 (4th Cir. 2005); *Meyers ex rel. Benzing v. Texas,* 410 F.3d 236, 255 (5th Cir. 2005); *Stroud v. McIntosh,* 722 F.3d 1294, 1302 (11th Cir. 2013); *Watters v. Washington Metro. Transit Auth.,* 295 F.3d 36, 39, 42 n. 13 (D.C. Cir. 2002).
>
> Ms. Nelson's reliance on *Phoneix, Embury*, and *Estes* is misplaced. Recently, the Second Circuit Court of Appeals addressed this exact argument, where the plaintiff cited to these very cases and argued that they "hold that a state's voluntary participation in federal court litigation constitutes a waiver of the state's general sovereign immunity." *Beaulieu v. Vermont,* No. 13-4198-CV, 2015 WL 5438725, at *8 (2d Cir. Sept. 16, 2015). The Second Circuit Court of Appeals found that plaintiff's understanding of these opinions was:
>
>> [A] misreading of the law of the relevant circuits, all of which adhere to the generally accepted proposition that a state defendant's removal of an action to federal court waives the state's objection, based on the Eleventh Amendment, to the exercise of federal jurisdiction, but do not subscribe to the proposition advocated by Plaintiffs that by such removal the defendants also waive the state's general sovereign immunity.
>
> *Id.* The Second Circuit's analysis of the law in the Seventh, Ninth, and Tenth Circuits is persuasive, and the Court adopts it as its own. *Id.* at *8–10. The ADC

7

The Court agrees that defendant is entitled to summary judgment under the law. The defendant has not clearly abrogated its sovereign immunity, and there is no waiver of the underlying immunity in state court. To the extent that plaintiff contends defendant waived its sovereign immunity by removing to this Court, the Court likewise finds such removal is not a clear abrogation or waiver of its rights. See e.g., *Kruger v. Nebraska,* 820 F.3d 295, 301 (8th Cir. 2016) (the fact that the defendants' removal of this case to federal court may have waived their Eleventh Amendment immunity from suit in federal court with respect to any state law claims for which the state had waived immunity in state court does not necessarily mean they waived their other immunities, including sovereign

---

and Warden Banks's decision to remove this case does not constitute a waiver of their general sovereign immunity.

*Nelson v. Banks*, 2016 WL 5496406 *6 (E.D. Ark. Sept. 28, 2016).

The court in *Agrawal* indicated:

> The district court properly determined that Agrawal's breach-of-contract claim was a "retrospective claim for damages" and that Defendants had not waived immunity by voluntarily removing the case to federal court. Although *Agrawal* cites *Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), which held that the defendants (state university officials) waived Georgia's sovereign immunity from state law claims by voluntarily removing plaintiff's case against them to federal court, *Lapides* is limited to state law claims for which the state has waived or abrogated its immunity from damages claims in the state trial courts. See *Dantz v. Am. Apple Group, LLC,* 123 Fed.Appx. 702, 706–07 (6th Cir.2005) (unpublished) (*Lapides* "was limited to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings"); see also, *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell–Jolly,* 572 F.3d 644, 661 (9th Cir.2009) (holding that a state that consents to suit in state court cannot invoke a sovereign immunity defense after removing the suit to federal court); *Stewart v. N. Carolina,* 393 F.3d 484, 488 (4th Cir.2005). Because that is not the case here, Defendants' removal from state court does not constitute a waiver of sovereign immunity on the state-law contract claim against UC. That claim was properly dismissed.

*Agrawal v. Montemagno*, 574 Fed. Appx. 570, 573 (6th Cir. 2014).

immunity). The Court will grant this motion for partial summary judgment, as there is no waiver of immunity by Nebraska.

The only remaining claim is a state law claim under the state age discrimination statutes. The Court declines to retain jurisdiction over that claim. 28 U.S.C.A § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (3) the district court has dismissed all claims over which it has original jurisdiction.")

THEREFORE, IT IS ORDRED THAT:

1. Defendant's motion for partial summary judgment, Filing No. 16, is granted and the federal Age Discrimination in Employment Act claim is dismissed.
2. The remainder of the case is remanded to the District Court of Lancaster County, Nebraska for further processing of the state law age discrimination claims.
3. The clerk's office is directed to mail a certified copy of this order of remand to the clerk of the District Court of Lancaster County, Nebraska.
4. The parties shall bear their own costs.
5. A separate judgment will be entered.

Dated this 18th day of December, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge